

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 10, 2011.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | CASE NO. 10-10763-CAG |
| § | |
| EARL DEAN WELLS AND JODEE KASPAR § | CHAPTER 7 |
| WELLS D/B/A WELLS APARTMENT § | |
| LOCATING, F/K/A JODEE KASPAR, F/K/A § | |
| JODEE SMALLEY, § | |
|     Debtors. § | |

| | |
|---|---|
| JOHN PATRICK LOWE, TRUSTEE, § | ADV. PRO. NO. 10-01067-CAG |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | |
| JODEE KASPAR-WELLS, SOLELY IN HER § | |
| CAPACITY AS TRUSTEE OF THE JODY § | |
| AIELLO TRUST, § | |
|     Defendant. § | |

## MEMORANDUM OPINION ON TRUSTEE'S COMPLAINT TO AVOID AND RECOVER A CONSTRUCTIVELY FRAUDULENT TRANSFER OF AN INTEREST IN REAL PROPERTY

Came on to be considered the above-styled and numbered adversary proceeding and, in particular, the Complaint to Avoid and Recover a Constructively Fraudulent Transfer of an Interest in Real Property (Doc. #1). The Court has reviewed Plaintiff's Complaint (Doc. #1), Defendant's Answer (Doc. #9), and the stipulation of facts contained in each party's pre-trial order (Doc. #24), and has considered the arguments and evidence of counsel. Based on the foregoing, the Court finds that Debtor did receive less than equivalent value and her conveyance was fraudulent for the reasons stated below.

Chapter 7 Trustee John Patrick Lowe ("Plaintiff") filed a Complaint to Avoid and Recover a Constructively Fraudulent Transfer of an Interest in Real Property on May 17, 2010 (Doc. #1). Defendant filed an answer on June 16, 2010 (Doc. #9). Defendant's Answer admitted seven of the eight allegations made in the Complaint. The only remaining allegation which Defendant disputes is paragraph 8, which states that Defendant received less than reasonably equivalent value in exchange for the transfer of real property to the Jody Aielo Trust on September 26, 2008.

Plaintiff in this case seeks to determine that the conveyance of an interest in real property from Jodee Kaspar Wells ("Debtor") to the Jody Aielo Trust was a fraudulent conveyance pursuant to 11 U.S.C. §§ 548 and 550. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 548, 550, and 704. This matter is a core proceeding by right of 28 U.S.C. § 157(b)(2)(H) (proceedings to determine, avoid, or recover fraudulent conveyances) on which this court can enter a final judgment. The following represents the

Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014.

## FACTS

Debtor's grandfather, Marvin J. Rau, died on September 24, 2000. Mr. Rau left a valid written will dated February 7, 1995. Mr. Rau's will granted his daughter, Jody Rau ("Debtor's Mother"), and his granddaughter, Debtor, each an undivided one-half interest in real property located at 101 Blue Sky Court, Georgetown, Williamson County, Texas ("Property"). The Property was appraised at $161,017 by the Williamson County Appraisal District in 2010. The Property is not encumbered by any liens.

On March 17, 2001, Debtor and Debtor's Mother agreed to lease the Property to Jodie Mowdy ("Tenant"). Tenant was dating Mr. Rau at the time of his death, and she resided at the Property with him. The lease agreement does not require Tenant to make rent payments. The termination date of the lease is established as the "[d]ate Jodie Mowdy moves out or vacates residence or does not pay property taxes or insurance." Debtor and Debtor's Mother allegedly signed the lease to comply with Mr. Rau's desire that Tenant be allowed to remain on the Property.

On July 19, 2001, Debtor's Mother conveyed her undivided one-half interest in the Property to the Jody Aiello Trust. Debtor was named the sole trustee of the trust. On September 26, 2008, Debtor transferred her one-half interest in the Property to the Jody Aiello Trust.

On March 24, 2010, Debtor and her husband, Earl Dean Wells, voluntarily filed for Chapter 7 Bankruptcy.

## PARTIES' CONTENTIONS

The issue in this case stems from Debtor's conveyance of her one-half interest in the Property to the Jody Aiello Trust. Plaintiff contends that the conveyance is fraudulent under 11 U.S.C. § 548. According to 11 U.S.C. § 548(a)(1), a trustee may avoid any transfer of an interest of the debtor in property that was made within two (2) years before the date of the filing of the petition if the debtor voluntarily or involuntarily:

> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . .

The parties agree the transfer was made within two (2) years of filing the petition and that Debtor was insolvent or became insolvent as a result of the transfer. Debtor contests the allegation that she received less than reasonably equivalent value in exchange for the transfer.

Debtor claims that the interest in the Property has no marketable value. Debtor's claim is based upon the fact that Debtor does not currently have the right to possess or use the Property. The lease signed by Debtor and Tenant allows Tenant to live on the Property for an indefinite period.

Debtor brought suit against Tenant in County Court at Law No. 2 of Williamson County to regain possession of the Property (Case No. 05-0564-CC2). Debtor alleged that Tenant breached the lease by occupying the home with another person and by operating a business from the residence. The trial court found that Tenant's actions were not a breach of the lease. Debtor appealed the decision to the Third District of the Texas Court of Appeals (Case No. 03-06-00026-CV). The Court of Appeals affirmed the trial court's decision that Tenant was not operating a business from the Property, but held that she had breached the lease by allowing

4

another occupant to live in the home. The case was remanded to the trial court to determine if the breach was material. The trial court found that the breach was not material, and the Court of Appeals affirmed (Case No. 05-0564-CC2).

## ANALYSIS

The facts of this case are unique. This Court is unaware of any precedent that directly addresses the issues involved, and neither side presented any case law on point. For reasons that will be discussed below, Debtor's interest in the Property will be analyzed as if it is a remainder interest in a life estate, and Tenant's interest will be analyzed as if it is a life estate.

A life estate is one which lasts during the life or lives of one or more persons in being. ***Financial Freedom Sr. Funding Corp. v. Horrock's***, 294 S.W. 3d 749, 755 (Tex.App.—Houston [14th Dist.] 2009, no pet.). An individual that holds a remainder interest in a life estate cannot take possession of the property until the death of the life tenant. ***Rae v. Baker***, 38 S.W. 2d 366, 368 (Tex.Civ.App.—Austin 1931, writ ref'd). Tenant's interest in the Property is similar to that of a life tenant; however, Tenant's interest is less than that of a life tenant because the lease places additional restrictions upon her. For instance, Tenant cannot lease or sublease the Property, use the Property as a business, fail to maintain tax payments, or fail to maintain insurance payments. Generally, the only restriction placed on a life tenant is that the life tenant shall not commit waste. 34 TEX. JUR. ESTATES § 36 (3d Ed. 2010). Black's Law Dictionary defines waste as "[p]ermanent harm to real property committed by a tenant (for life or for years) to the prejudice of the heir, the reversioner, or the remainderman." BLACK'S LAW DICTIONARY 1727 (9th Ed. 2009). The failure of a life tenant to pay insurance premiums is not of itself waste. ***Hill v. Hill***, 623 S.W. 2d 779, 780-81 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). Using the residence as a business or leasing a portion of the home would not necessarily create permanent

5

damages to the Property. Therefore, it would be easier for Tenant to lose her interest in the home under the terms of the lease than if she had been granted a life estate.

Likewise, Debtor's interest in the Property is greater than that of a remainderman in a life estate. A remainderman's right of possession does not take effect until the life tenant dies or commits waste. Debtor can regain possession of the Property if Tenant fails to reside at the Property, leases or subleases the Property, fails to maintain tax or insurance payments, or uses the home as a business. Debtor has a greater interest in the Property than a remainderman because the additional restrictions placed upon Tenant may cause Debtor to gain possession of the Property sooner than if Tenant had been granted a life estate.

Debtor will have violated the statute if she received "less than a reasonably equivalent value" in exchange for the transfer. Debtor did not receive any value for her interest in the Property that she transferred to the Jody Aiello Trust. Therefore, Debtor's conveyance constitutes a fraudulent conveyance if the Property had any value at all.

A remainder interest is a valuable interest in property. *See* **Wheeler v. United States**, 116 F.3d 749, 767 (5th Cir. 1997) (holding that a sale of the remainder interest for its actuarial value constitutes adequate and full consideration for estate tax purposes); ***In re Garten***, 52 B.R. 497, 500 (Bankr. W.D.Mo. 1985); ***In re Hajjar***, 385 B.R. 482, 484, 488 (Bankr. D.Mass. 2008). All legal or equitable interests of the debtor in the property are property of the bankruptcy estate. ***In re Burgess***, 438 F.3d 493, 496 (5th Cir. 2006); **Weddle v. Nunley (*In re Weddle*)**, 43 B.R. 415, 416 (Bankr. W.D.Va. 1984). A property interest is not outside of the debtor's estate just because enjoyment must be postponed. **Weddle**, 43 B.R. at 416. A trustee is authorized to sell the vested remainder interest that the debtor possessed in property that is subject to a life estate, but the trustee cannot sell the property free and clear of the interest in the life estate. ***Haskins v. First***

6

*City Nat'l Bank,* 698 S.W. 2d 754, 757 (Tex.App.─Beaumont 1985, no pet.); *Hajjar*, 385 B.R. at 488-89; *In re Sargent*, 337 B.R. 661, 667 (Bankr. N.D.Ohio 2006).

A contingent remainder has a monetary value. *Wheeler*, 116 F.3d at 762. In *Wheeler*, the court stated "both interests, the life estate and the remainder interest, are capable of valuation." *Id*. In *Garten*, the debtor argued that the property in dispute should not be included in the bankruptcy estate because the interest had not "vested." *Garten*, 52 B.R. at 498. The court held that the remainder interest vested immediately upon the conveyance of documents that created the life estate. *Id*. The court stated the contingent remainder was a "valuable interest" and it was not persuaded that the contingent remaindermen "are without financial interest in the estate." *Id*. (quoting *McNeal v. Bonnel*, 412 S.W.2d 167, 169 (Mo. 1967)). The debtor in *In re Steffien* originally claimed that the value of his remainder interest was $0. 415 B.R. 824, 827 (Bankr. D.N.M. 2009). Upon objection by the trustee, the court issued an order that authorized the debtor to amend his exemptions to claim a specific dollar amount. *Id*. The debtor filed two amendments and claimed a value for the land. *Id*. at 828. The actions of the debtor, the trustee, and the court, suggest that the interest in the remainder had a value.

A trustee is authorized to sell the vested remainder interest that the debtor possessed. *Haskins*, 698 S.W. 2d at 757; *Hajjar*, 385 B.R. at 488-89; *Sargent*, 337 B.R. at 667. In *Sargent*, the court allowed the trustee to sell the debtor's remainder interest despite the fact that the debtor's mother had a life estate on the property. *Sargent*, 337 B.R. at 667. The court stated that "[t]o the extent that such property brings value to the estate. . . such property is then subject to sale by the Trustee under 363(b)(1)." *Id* at 664. The property was included in the estate, indicating the property had value.

7

Additionally, the manner in which the Internal Revenue Service treats remainder interests supports the Court's finding that Defendant's interest in the Property has value. *See* 26 U.S.C. §§ 170 and 664. An individual can create a charitable remainder trust that allows them to take an income tax deduction on the fair market value of the remainder. 26 U.S.C. § 664. A charitable remainder trust creates a life estate for the grantor and conveys the remainder interest to a qualified charitable organization. The IRS has proscribed valuation tables that allow the grantor to calculate the value of the remainder. 26 U.S.C. § 7520; Dep't of Treasury, IRS, Publication 1457, Version 3 (5-2009).

The Williamson County Appraisal District has consistently valued the Property at more than $160,000 since 2006. The Property does not have any liens other than the recurring tax liens. Debtor is not required to make any tax payments on the Property. In the event that Tenant became delinquent on the tax payments, Debtor could have gained possession of the Property. Tenant is required to maintain the residence and repair any damage to the home. Debtor has the right to inspect the home. Debtor does not have to make any payments towards the Property and she is entitled to get the Property back at some time in the future. For the same reasons these other courts found value in remainderman interests, this Court finds there is value in the interest Debtor transferred to the Trust.

IT IS ORDERED that the interest in real property that Jodee Kaspar Wells conveyed to the Jody Aiello Trust on September 26, 2008 be included in the bankruptcy estate of Mr. Earl Dean Wells and Mrs. Jodee Kaspar Wells. Trustee has met his burden and the transfer can be avoided and cancelled under 11 U.S.C § 548. A separate judgment will be entered.

# # #